JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> vs.<br><br>QAYA MIKEL GORDON,<br><br>    Defendant. | Case No. 3:21-cr-00305-DCN<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

  The Government recommends that the Court sentence the Defendant to a term of imprisonment of 72 months, 3 years supervised release and a $100 special assessment on both counts of conviction for Assault with a Dangerous Weapon. The United States also asks this Court to order Defendant to pay restitution in the amount of $11,782.08.

## BACKGROUND

  The Defendant was charged by Indictment with two counts of aggravated assault in violation of 18 U.S.C. §§ 113(a)(3) and 1153. (ECF 1.) After a two and a half day jury trial, the Defendant was found guilty of both counts. (ECF 67.) The Defendant is in the custody of the United States Marshals and will be sentenced by this Court on September 15, 2022.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

## LEGAL ANALYSIS

In *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) the Ninth Circuit set forth a basic framework that district courts should follow to comply with *United States v. Booker*, 543 U.S. 220 (2005) and progeny. Its guidance is summarized as follows:

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the 18 U.S.C § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

There is no mandatory minimum sentence applicable to these charges. The statutory maximum sentence is ten years custody on each count. Therefore, the statutory maximum sentence is twenty years.

### II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The United States submits the Defendant's criminal history is underrepresented due to his tribal conviction and interaction with tribal police as outlined in the Presentence Investigation

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

Report (hereinafter referred to as "PSR"). (PSR ¶¶ 45 and 46.) The United States agrees with the calculations of U.S. Probation that the Defendant's total offense level is 26, with a criminal history category of one, for an advisory guideline imprisonment range of 63 to 78 months.

## IMPOSITION OF SENTENCE

I.     Imposition of a Sentence under 18 U.S.C. § 3553

    A.     18 U.S.C. § 3553(a) factors

        1.     The nature and circumstances of the offense.

The trial established beyond a reasonable doubt that Defendant committed a very serious offense both in its execution and its outcome. The act of repeatedly striking individuals with a hammer, demonstrates an inability to control oneself. The act of repeatedly striking a defenseless individual with a hammer, demonstrates a rage that is a public safety threat. This Defendant is not just a threat to humans but to animals as well. He brought a tide of anger and violence and left a wake of destruction on November 1, 2021.

        2.     The history and characteristics of the Defendant.

Defendant is a twenty-year-old male who is currently in the custody of the United States Marshal's Service. He dropped out of high school in the 12th grade and does not have his GED. He was not employed at the time of the offense and has been financially supported by his grandparents who raised him. He is not married and has no children. He reports no mental or emotional health issues and denies he is in need of any anger management counseling or treatment. Defendant has used marijuana, mushrooms and alcohol, but denies that any substance has been an issue for him or contributed to the commission of the instant offenses.

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

    3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

  The Nez Perce reservation is a close-knit community. Whatever sentence this Court renders will be communicated throughout the reservation. Determining the correct sentence can be a delicate endeavor, but the United States suggests the Court look towards the totality of the circumstances. The Defendant is young, but he has demonstrated disregard for the law and community prior to this offense when he smashed a window out of a business so his friend could steal chips and drinks. The Defendant does not believe he has a substance abuse problem, however, when he was only 19-years-old, Defendant was walking around carrying a Pulaski while intoxicated and at times appeared aggressive. The offense was serious, and the Defendant has not accepted responsibility for his actions and instead argued he was only protecting himself. An argument the jury clearly and correctly rejected. These factors weigh in favor of the United States' recommendation of 72 months.

    4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

  The Defendant's actions, both past and for which he now appears to be sentenced, are cause for public concern. He does not believe he has an anger or substance abuse issue, although there is evidence of both playing a role in his offenses. A Defendant who needs, but denies the need for treatment, is a threat to public safety. A sentence of 72 months is neither the high end nor the low end of the advisory guidelines; it provides deterrence, public protection and recognizes that treatment and programming are needed. It is an appropriate sentence for his actions and to deter future acts of violence.

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

5. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant does not believe he has a substance abuse problem. However, in 2020 he was walking around carrying a Pulaski while intoxicated, and at times appeared aggressive. Defendant does not believe he would benefit from anger management counseling, yet, by his own admission at trial, the victims in this case were unarmed and did not have the means to harm him.

Defendant did not graduate from high school, nor does he have his GED, a baseline achievement for most in society. He has limited employment history, having worked just one month building fences. While incarcerated Defendant can and should obtain his GED or engage in vocational training. There are also substance abuse programs and mental health treatment which would benefit the Defendant prior to his release. It is noted that in the interview with probation, he did not have any specific plans for future employment. (PSR ¶ 60.) Defendant is in need of education, vocation, substance abuse and mental health treatment which will help him in making plans to live a productive life that contributes to his community.

6. <u>The need to provide restitution to any victims of the offense.</u>

As noted in the PSR and demonstrated at trial, Defendant's wave of anger and violence injured many individuals. Restitution is required, it is not the victim's burden to shoulder the medical and veterinary bills and those bills must be paid. The United States respectfully requests the Court order restitution in the amount of $11,782.08.

B. <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

A within-guidelines sentence in this case will properly reflect the accumulated wisdom and expertise of the Sentencing Commission, and serve the vital goal of uniformity and fairness in sentencing. The guidelines, formerly mandatory, now serve as one factor among several that

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Nonetheless, "the Guidelines Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guideline sentence of 72 months.

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

## CONCLUSION

The Government submits that a sentence of 72 months for each count of conviction, to run concurrent, is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 29th day of August, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*s/ Traci J. Whelan*
TRACI J. WHELAN
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2022, the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Michael G. Palmer<br><br>michael@cdalawoffice.com | ECF Filing |

*s/ Carin Crimp*
Legal Assistant

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**